1   NOSSAMAN LLP
    Robert S. McWhorter (CA 226186)
2   *rmcwhorter@nossaman.com*
    Jessica R.L. James (CA 282276)
3   *jjames@nossaman.com*
    621 Capitol Mall, 25th Floor
4   Sacramento, CA 95814
    Telephone:  916.442.8888
5   Facsimile:  916.442.0382

6   Attorneys For Defendants
    U.S. BANK NATIONAL ASSOCIATION,
7   SUCCESSOR IN INTEREST TO THE FEDERAL
    DEPOSIT INSURANCE CORPORATION AS
8   RECEIVER FOR DOWNEY SAVINGS AND
    LOAN ASSOCIATION, F.A. and FEDERAL
9   NATIONAL MORTGAGE ASSOCIATION

10

11

12             UNITED STATES DISTRICT COURT

13           NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14   GARY WILSON, an individual | Case No:  3:14-cv-02094-NC |
| 15          Plaintiff | ASSIGNED FOR ALL PURPOSES TO: MAGISTRATE NATHANAEL M. COUSINS |
| 16      vs. | |
| 17   FANNIE MAE; U.S. BANK, a national | **U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 18   association, AND DOES 1-50, inclusive, | |
| 19        Defendants | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | Date:         July 9, 2014 Time:        1:00 p.m. Courtroom:  A. 15th Floor Judge:       The Hon. Nathanael M. Cousins |
| 25 | |
| 26 | Date Action Filed: May 7, 2014 Trial Date:  None set |
| 27 | |

28                                                    Case No. 3:14-cv-02094-NC

1   **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE THAT** on **July 9, 2014** at **1:00 p.m.** before the Honorable

3   Nathanael M. Cousins, United States District Court Magistrate Judge, in Courtroom A, 15th Floor,

4   located at 450 Golden Gate Avenue, San Francisco, California 94102, defendants U.S. Bank

5   National Association, Successor in interest to the Federal Deposit Insurance Corporation as

6   Receiver for Downey Savings and Loan Association, F.A.  ("U.S. Bank") and Federal National

7   Mortgage Association ("Fannie Mae") (collectively, "Defendants") will, and hereby do, move for

8   an order dismissing plaintiff's Gary Wilson's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of

9   the Federal Rules of Civil Procedure.  The entire Complaint should be dismissed under Rule

10  12(b)(6) because it does not state a claim upon which relief can be granted.

11      This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points

12  and Authorities, the Request for Judicial Notice, and the Declaration of Eric M. Alderete in

13  support thereof, and the papers, files and records of this Court, and upon such argument and

14  evidence as may be presented at the hearing.

15  Dated:  June 4, 2014                    NOSSAMAN LLP

16                                          By:  _____*/s/ Robert S. McWhorter*_____
                                                 Robert S. McWhorter
17
                                            Attorney of Record for Defendants,
18
                                            U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR
19                                          IN INTEREST TO THE FEDERAL DEPOSIT
                                            INSURANCE CORPORATION AS RECEIVER FOR
20                                          DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.
                                            and FEDERAL NATIONAL MORTGAGE
21                                          ASSOCIATION

22

23

24

25

26

27

28
                                                                    Case No. 3:14-cv-02094-NC

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 1

II.    STATEMENT OF FACTS .......................................................................... 2

III.   LEGAL ANALYSIS ................................................................................. 3

    A.   Legal Standard ............................................................................... 3

    B.   The First Cause of Action for Breach of Contract Fails ....................... 4

    C.   The Second Cause of Action for Violation of California Civil Code
        Section 2923.6 Fails ....................................................................... 7

        1.   Plaintiff's California Civil Code Section 2923.6 Claim is
            Preempted ........................................................................... 7

        2.   Plaintiff Fails To Plead A Valid Claim Under California Civil
            Code Section 2923.6 ............................................................ 8

        3.   Plaintiff Cannot Recover Damages Against Defendants .......................... 9

    D.   The Third Cause of Action for Violation of California Civil Code
        Section 2923.7 Fails ..................................................................... 10

    E.   The Fourth Cause of Action for Violation of California Civil Code
        Section 2924.17 Fails ................................................................... 11

    F.   The Fifth and Sixth Causes of Action for Fraud and Negligent
        Misrepresentation Fail ................................................................. 12

IV.   CONCLUSION ...................................................................................... 13

MEMO. OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1

# TABLE OF AUTHORITIES

2

**Page**

## Cases

*Aas v. Superior Court*,
    24 Cal. 4th 627 (2000) ........................................................................................... 12

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
    7 Cal. 4th 503 (1994) ............................................................................................. 12

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................................. 3, 4

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2009) ...................................................................................1, 3, 4, 9

*Blummer v. Madden*,
    128 Cal. App. 22 (1932) ............................................................................................ 6

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir.1994) ....................................................................................... 4

*Cox v. Reliance Std. Life Ins. Co.*,
    2014 U.S. Dist. LEXIS 29773 (E.D. Cal. Mar. 3, 2014) ......................................... 4

*Daniels-Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992 (9th Cir. 2010) .................................................................................... 4

*Deschaine v. IndyMac Mortg. Servs.*,
    2014 U.S. Dist. LEXIS 8541 (E.D. Cal. Jan. 22, 2014)......................................... 10

*Ersa Grae Corp. v. Fluor Corp.*,
    1 Cal. App. 4th 613 (1991) ....................................................................................... 6

*First Commercial Mortgage Co. v. Reece*,
    89 Cal. App. 4th 731 (2001) ..................................................................................... 4

*Janda v. Madera Community Hosp.*,
    16 F.Supp.2d 1181 (E.D. Cal. 1998) ....................................................................... 6

*Kenery v. Wells Fargo, N.A.*,
    2014 U.S. Dist. LEXIS 4672 (N.D. Cal. Jan. 14, 2014) ....................................... 11

*Ladas v. California State Auto. Ass'n*,
    19 Cal. App. 4th 761 (1993) ..................................................................................... 6

*Lucia v. Wells Fargo Bank, N.A.*,
    798 F. Supp. 2d 1059 (N.D. Cal. 2011) ................................................................... 5

MEMO. OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1

# TABLE OF AUTHORITIES

2
**Page**

3

**Cases,** *cont'd*

4

*Marquez v. Wells Fargo Bank, N.A.,*
    2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013)..................................... 10

5

6

*Maynes v. Angeles Mesa Land Co.,*
    10 Cal. 2d 587 (1938) ............................................................................................. 13

7

*Metzger v. Wells Fargo Bank, N.A.,*
    2014 U.S. Dist. LEXIS 59427 (C.D. Cal. Apr. 28, 2014)..................................... 7, 11

8

9

*Meyer v. Wells Fargo Bank, N.A.,*
    2013 U.S. Dist. LEXIS 172418 (N.D. Cal. Dec. 6, 2013) ................................... 7, 10

10

*Morgan v. Aurora Loan Svcs., LLC,*
    2013 U.S. Dist. LEXIS 95713 (C.D. Cal. Jul. 9, 2013) ............................................ 12

11

12

*Moss v. U.S. Secret Service,*
    572 F.3d 962 (9th Cir. 2009) ..................................................................................... 4

13

*Nadan v. Homesales, Inc.,*
    2011 U.S. Dist. LEXIS 89946 (E.D. Cal. Aug. 12, 2011) ...................................... 5, 6

14

15

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) ..................................................................................... 3

16

*Nungaray v. Litton Loan Servicing, LP,*
    200 Cal. App. 4th 1499 (2011) .................................................................................. 5

17

18

*Parcray v. Shea Mortg., Inc.,*
    2010 U.S. Dist. LEXIS 40377 at *8 (E.D. Cal. Apr. 23, 2010) .............................. 10

19

*Robertson v. Dean Witter Reynolds, Inc.,*
    749 F.2d 530 (9th Cir. 1984) ..................................................................................... 3

20

21

*Rockridge Trust v. Wells Fargo NA,*
    2014 U.S. Dist. LEXIS 22234 (N.D. Cal. Feb. 19, 2014)........................................... 6

22

*Sholiay v. Fannie Mae,*
    2013 U.S. Dist. LEXIS 146446 (E.D. Cal. Oct. 9, 2013) ........................................ 12

23

24

*Soin v. Fannie Mae,*
    2012 U.S. Dist. LEXIS 51824 (E.D. Cal. Apr. 12, 2012)........................................... 5

25

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir.2001) ....................................................................................... 4

26

27

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011) ................................................................................... 9

28

MEMO. OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases,** *cont'd*

4

*Steckman v. Hart Brewing, Inc.,*
   143 F.3d 1293 (9th Cir.1998) ................................................................................... 4

5

*Sun v. Wells Fargo Bank, N.A.,*
   2014 U.S. Dist. LEXIS 40430 (N.D. Cal. Mar. 25, 2014) ................................. 7, 10

6

*Sutcliffe v. Wells Fargo Bank, N.A.,*
   283 F.R.D. 533 (N.D. Cal. 2012) ........................................................................... 6

7

*United Guar. Mortg. Indem. Co v. Countrywide Fin. Corp.,*
   660 F. Supp. 2d 1163 (C.D. Cal. 2009) ................................................................. 12

8

*Vasquez v. Bank of Am., N.A.,*
   2013 U.S. Dist. LEXIS 161244 (N.D. Cal. Nov. 9, 2013) ....................................... 9

9

*Williams v. Wells Fargo Bank, NA,*
   2014 U.S. Dist. LEXIS 17215 (C.D. Cal. Jan. 27, 2014) ....................................... 8

10

**Codes and Statutes**

11

**12 U.S.C.**
   § 24.............................................................................................................. 7, 10
   §§ 1461 et seq.......................................................................................... 7, 10, 11

12

**Rules**

13

Federal Rules of Evidence ......................................................................................... 2
   Rule 201 .............................................................................................................. 2

14

Federal Rules of Civil Procedure
   Rule 8 .................................................................................................................. 9
   Rule 12(b)(6) ............................................................................................. 2, 3, 13

15

**Regulations**

16

12 C.F.R.
   §§ 34.4, 560.2(b)(4) and (10) ......................................................................... 7, 10

17

61 Fed. Reg. at 50966-67 ........................................................................................ 10

18

**California Civil Code**
   § 1550................................................................................................................ 6
   § 1565................................................................................................................ 6
   § 2923.12(b)......................................................................................................... 9
   § 2923.6(c)........................................................................................................... 8
   § 2923.6(d)........................................................................................................... 9
   § 2923.6(e)(1)....................................................................................................... 9
   § 2923.6(e)(2)....................................................................................................... 9
   § 2923.6(f)(1)....................................................................................................... 9
   § 2923.6(h) .......................................................................................................... 8
   § 2923.7...................................................................................................... 1, 10, 11

19

20

21

22

23

24

25

26

27

28

Case No. 3:14-cv-02094-NC

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**California Civil Code,** *cont'd*

4
    § 2924.12 ................................................................................................ 9
    § 2924.15 ............................................................................................ 8, 11
    § 2924.15(a) ........................................................................................... 11
5
    § 2924.17 ............................................................................................. 1, 11
    § 2924.17(a) ........................................................................................... 11
6
    § 2924.17(b) ........................................................................................... 11

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

            Case No. 3:14-cv-02094-NC

MEMO. OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3        A complaint must set forth plausible, not merely conceivable, claims to survive a motion

4   to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Bell Atl. Corp. v.*

5   *Twombly*, 550 U.S. 544, 570 (2009).  Plaintiff, Gary Wilson's Complaint against Fannie Mae and

6   U.S. Bank[1] does not reach this minimum standard.  In the Complaint, Plaintiff sues Defendants

7   for breach of contract and for violating California Civil Code sections 2923.6 based upon a letter

8   from U.S. Bank to Plaintiff, dated July 18, 2013.  Rather than attaching this letter to the

9   Complaint, Plaintiff wrongfully characterizes this letter as an agreement with "Defendants" to

10  permanently modify his loan with U.S. Bank.  (Complaint, ¶¶ 13, 25, 26, 27.)  Plaintiff's

11  characterization could not be farther from the truth.  This letter expressly provided Plaintiff's

12  "loan and loan requirements remain in effect and unchanged" and that U.S. Bank was

13  "process[ing] [his] paperwork to determine if [he] qualif[ied] for a permanent loan modification."

14  (Declaration of Eric M. Alderete ("Alderete Decl."), Ex. C, p. 3.)  Further, this letter does not

15  pertain to, let alone mention Fannie Mae.  The specific terms in this letter control over Plaintiff's

16  unwarranted characterization.  Accordingly, Plaintiff's claims against Defendants should be

17  dismissed.

18        The Complaint also alleges that U.S. Bank violated California Civil Code sections 2923.7

19  and 2924.17 and committed fraud and negligent misrepresentations.  Each of these claims is

20  preempted by federal law or fails to set forth elements necessary to state a valid claim.  Like

21  Plaintiff's other claims, these claims are based, in part, on mischaracterization of the underlying

22  Notice of Default.  While failing to attach the Notice of Default, Plaintiff portrays the Notice of

23  Default as stating that Plaintiff failed to make any payments since August 1, 2012.  The Notice of

24  Default makes no such statement.  In fact, it simply states that Plaintiff was $29,707.92 in

25  _____

26  [1] "Fannie Mae" refers to the Federal National Mortgage Association.  "U.S. Bank" refers to
    U.S. Bank National Association, as Successor in interest to the Federal Deposit Insurance
27  Corporation as Receiver for Downey Savings and Loan Association, F.A.  "Defendants" shall
    collectively refer to Fannie Mae and U.S. Bank.

28
DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

1  arrears, as of January 21, 2014.  (Alderete Decl., Ex. B.)  As a result of these insurmountable

2  deficiencies, this Court should dismiss Plaintiff's entire Complaint pursuant to Rule 12(b)(6) of

3  the Federal Rules of Civil Procedure.

4  **II.     STATEMENT OF FACTS**

5        In 1998, Plaintiff purchased real property located at 1408 6th Street, Berkeley, California

6  94710 (the "Property").  (Complaint, ¶ 11.)

7        On July 22, 2003, Downey Savings and Loan Association, F.A. ("Downey Savings")

8  loaned $202,000 (the "Loan") to Plaintiff, which was secured by a Deed of Trust covering the

9  Property.  (*Id.*; Alderete Decl., Ex. A.)

10        On November 21, 2008, the Office of Thrift Supervision ("OTS") closed Downey

11  Savings and appointed the FDIC as a receiver ("FDIC-R") for that financial institution.

12  Concurrent with that appointment, the FDIC-R sold the banking operations and certain assets of

13  Downey Savings to U.S. Bank.[2]

14        According to Plaintiff, he received a letter on July 18, 2013 stating that he had been

15  approved for the Home Affordable Modification Program Trial Period Plan ("TPP").

16  (Complaint, ¶ 13.)  Plaintiff alleges that the TPP required him to make monthly payments of

17  $945.72 for a period of three months commencing August 1, 2013.  (*Id.*)

18        Plaintiff allegedly paid $945.72 per month during the period of August 1, 2013 through

19  November 2013.  (Complaint, ¶¶ 14, 15.)

20        On November 8, 2013, U.S. Bank sent a letter to Plaintiff advising him that two Federal

21  Tax Liens in the amount of $9,223.94 and $2,893 had been recorded in 2009 and 2011 on the

22  Property, respectively.  (Complaint, ¶ 17.)  In the letter, U.S. Bank demanded that Plaintiff record

23  a release of the two tax liens by November 23, 2013.  (*Id.*)  According to Plaintiff, U.S. Bank

24

25  _____

26  [2]  This information is taken from the FDIC's website. www.fdic.gov/bank/individual/failed/

27  downey.html and www.fdic.gov/bank/individual/failed/downey_P_and_A.pdf.  This Court can
    take judicial notice of the information contained on these websites pursuant to Rule 201 of the
    Federal Rules of Evidence.

28

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

1  orally agreed to extend this deadline until December 14, 2013.  (*Id.*)  Plaintiff alleges that

2  U.S. Bank subsequently denied granting such an extension. (*Id.*)

3       On November 29, 2013, U.S. Bank sent a letter to Plaintiff advising him that his

4  "permanent HAMP modification had been declined because '[t]he Release of Lien for the

5  subordinate lien holder has not been received.'"  (Complaint, ¶ 19.)

6       According to Plaintiff, he recorded a release of the tax liens on December 12, 2013 (the

7  "Release of Liens").  (Complaint, ¶ 20.)  On the same date, he purportedly faxed the Release of

8  Liens to U.S. Bank.  (*Id.*)

9       On January 23, 2014, a Notice of Default was recorded, stating that Plaintiff was

10 $29,707.92 in arrears.  (Complaint, ¶ 23; Alderete Decl., Ex. B.)

11      On May 7, 2014, Plaintiff filed a Complaint for Damages and For Equitable Relief.

12 **III.   LEGAL ANALYSIS**

13      **A.     Legal Standard**

14      A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Navarro*

15 *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) of the

16 Federal Rules of Civil Procedure where the complaint lacks a cognizable legal theory.  *Robertson*

17 *v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984).  Alternatively, a complaint may

18 be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under

19 that theory.  *Id*. at 534.  While a plaintiff need not give "detailed factual allegations," he must

20 plead sufficient facts that, if true, "raise a right to relief above the speculative level."  *Bell*

21 *Atlantic Corp.,* 550 U.S. at 545.

22      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

23 accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

24 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  A claim is facially plausible when the factual allegations

25 permit "the court to draw the reasonable inference that the defendant is liable for the misconduct

26 alleged."  *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences

27 from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss*

28

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

1  *v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint

2  states a plausible claim for relief will ... be a context-specific task that requires the reviewing

3  court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950.

4  Allegations that are merely conclusory, unwarranted deductions of fact, unreasonable inferences,

5  or allegations that contradict exhibits or matters properly subject to judicial notice do not meet

6  the plausibility standard in *Twombly* and need not be accepted as true. *Daniels-Hall v. Nat'l*

7  *Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010); *Cox v. Reliance Std. Life Ins. Co.*, 2014 U.S.

8  Dist. LEXIS 29773, *6 (E.D. Cal. Mar. 3, 2014).

9        **B.**      **The First Cause of Action for Breach of Contract Fails**

10        In the First Cause of Action, Plaintiff claims that U.S. Bank breached its alleged promise

11  to modify Plaintiff's Loan under the TPP by not offering him a permanent loan modification.

12  (Complaint, ¶¶ 24-29.)  Specifically, Plaintiff alleges that U.S. Bank breached its alleged promise

13  to modify by "failing to send Plaintiff a Modification Agreement after three payments."

14  (Complaint, ¶ 28.)  To establish a claim for breach of contract, a plaintiff must establish the

15  existence of a contract. *First Commercial Mortgage Co. v. Reece,* 89 Cal. App. 4th 731, 745

16  (2001).  Plaintiff's claim fails.

17        In evaluating Plaintiff's claims, it is important to note that this Court may disregard

18  allegations contradicted by the complaint's attached exhibits or by judicially noticed facts.

19  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.1998); *Sprewell v. Golden*

20  *State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). "[T]he court is not required to accept legal

21  conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

22  drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th

23  Cir.1994).  Nor need the court accept unreasonable inferences, or unwarranted deductions of fact.

24  *Sprewell,* 266 F.3d at 988.  Under these standards, this Court may consider the contents of the

25  TPP, rather than simply rely upon Plaintiff's bare legal conclusions in the Complaint.

26        Under the TPP, Plaintiff was required to pay three months of trial period payments while

27  U.S. Bank determined whether Plaintiff qualified for a permanent modification of the Loan.

28

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

(Alderete Decl., Ex. C.)  The TPP expressly provided that it is not a modification of Plaintiff's loan documents and that modification is contingent upon a determination that Plaintiff qualifies for a modification, stating, in pertinent part:

> The trial period offers you immediate payment relief (and could prevent a foreclosure sale) while we process your paperwork to determine *if you qualify for a permanent loan modification* . . . This is only a temporary Trial Period Plan.  *Your existing loan and loan requirements remain in effect* and unchanged during the trial period. . . . *Once we confirm you are eligible for a Home Affordable Modification* and you make all of your trial period payments on time, we will send you a modification agreement detailing the terms of the modified loan. (Emphasis added.)

(*Id.*)  Here, Plaintiff does not allege that U.S. Bank found him qualified to receive a permanent loan modification after making the three trial plan payments or that he ever received a fully executed copy of the permanent modification agreement.  To the contrary, he admits that he never received such an agreement.  (Complaint, ¶ 22.)

District courts have routinely held that TPPs such as this one, do not constitute binding contracts to permanently modify borrowers' loans.  See e.g., *Soin v. Fannie Mae*, 2012 U.S. Dist. LEXIS 51824, 8-9 (E.D. Cal. Apr. 12, 2012); *Lucia v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 1059, 1069 (N.D. Cal. 2011) (dismissing with prejudice claims for breach of contract where plaintiffs alleged defendant had breached TPP by failing to offer permanent HAMP modifications at the close of the trial period).  In *Nadan v. Homesales, Inc.*, 2011 U.S. Dist. LEXIS 89946, *6-7 (E.D. Cal. Aug. 12, 2011), the court dismissed breach of contract claims based on a TPP with prejudice, holding that a TPP is not a valid contract because it constituted an "unenforceable 'agreement to agree'" given that the material terms of the purported permanent modification were not specified.  California state courts reached the same conclusion.  In *Nungaray v. Litton Loan Servicing, LP*, 200 Cal. App. 4th 1499, 1504 (2011), the court held that "[a]s a matter of law, there was no contract" where the defendant had offered plaintiff a TPP, but had never prepared or executed a permanent modification agreement.  As a result, this Court should dismiss the First Cause of Action.

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

Additionally, the TPP fails for lack of consideration.  California law requires sufficient consideration to form a valid contract.  Cal. Civ. Code §§ 1550, 1565.  The "doing or promising to do what one is already bound to do cannot be consideration for a promise."  *Janda v. Madera Community Hosp.*, 16 F.Supp.2d 1181, 1187 (E.D. Cal. 1998).  "Ordinarily where one is legally bound and can be compelled to pay a definite ascertained sum of money . . . a mere promise to pay less than the entire sum in satisfaction thereof, is without consideration and void."  *Blummer v. Madden*, 128 Cal. App. 22, 25 (1932).  Here, under the TPP, Plaintiff merely agreed to repay its outstanding Loan to U.S. Bank (i.e., a preexisting duty).  As a result, courts have found that the TPP is not an enforceable contract because it fails for lack of consideration.  See *Nadan*, 2011 U.S. Dist. LEXIS 89946, at *16-*18; *Rockridge Trust v. Wells Fargo NA,* 2014 U.S. Dist. LEXIS 22234, 24-26 (N.D. Cal. Feb. 19, 2014).

Moreover, the TPP is not sufficiently definite to constitute a valid, enforceable contract.  Under California law, a contract will be enforced if it is sufficiently definite for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached.  *Ersa Grae Corp. v. Fluor Corp.,* 1 Cal. App. 4th 613, 623 (1991).  Conversely, a contract is void and unenforceable where a contract is so uncertain and indefinite that the intention of the parties on material questions cannot be ascertained.  *Ladas v. California State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993).  To meet this standard, a plaintiff must allege specific loan terms such as interest, principal, and duration.  *Rockridge Trust,* 2014 U.S. Dist. LEXIS 22234, at 31-32; see *Sutcliffe v. Wells Fargo Bank, N.A.*, 283 F.R.D. 533, 552 (N.D. Cal. 2012) (a contract involving a loan should generally "include the identity of the lender and borrower, the amount of the loan, and the terms for repayment in order to be sufficiently definite.").  Here, Plaintiff does not allege the specific loan terms, the new modified interest rate, the principal amount of the Loan, as modified, or the duration of the modified loan. The reason is simple.  Even the TPP acknowledged that these terms were not final.  For instance, although the TPP estimated that the modified interest rate would be 2%, the TPP expressly provided that "the

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

1  interest rate may be different due to a variety of factors that affect the terms of [the] final

2  modification."  (Alderete Decl., Ex. B, p. 5.)

3      Finally, although Plaintiff alleges that U.S. Bank sent the TPP, Plaintiff does not allege

4  that Fannie Mae entered into any contract with Plaintiff.  In fact, the Complaint does not contain

5  any specific allegations of wrongdoing by Fannie Mae.  As such, Plaintiff cannot establish a

6  claim against Fannie Mae.  As a result, this Court should dismiss the First Cause of Action.

7  **C.**      **The Second Cause of Action for Violation of California Civil Code**
            **Section 2923.6 Fails**
8

9      In the Second Cause of Action, Plaintiff alleges that "Defendants" violated California

10 Civil Code section 2923.6 because U.S. Bank's letter of November 29, 2013, denying Plaintiff's

11 loan modification application (the "Denial Letter") failed to provide him with 30 days to appeal.

12 (Complaint, ¶¶ 30-37.)  This allegation fails.

13      **1.**      **Plaintiff's California Civil Code Section 2923.6 Claim is Preempted**

14     Plaintiff's claim that U.S. Bank violated section 2923.6 fails because it is preempted by

15 the Home Owners' Loan Act, 12 U.S.C. §§ 1461 et seq., ("HOLA"), that governs savings and

16 loan associations such as Downey Savings, and/or the National Bank Act, 12 U.S.C. § 24

17 ("NBA"), which vests national banks such as U.S. Bank with authority to exercise "all such

18 incidental powers as shall be necessary to carry on the business of banking."[3]  12 U.S.C. § 24.

19 HOLA and NBA preempt state laws that pertain to the "terms of credit . . . [p]rocessing, origination,

20 servicing, . . . or investment or participation in, mortgages."  12 C.F.R. §§ 34.4, 560.2(b)(4) and (10).

21     Courts have held that "'claims for violations of § 2923.6 are preempted by HOLA' because

22 they implicate the 'processing' and 'servicing' of mortgages."  *Metzger v. Wells Fargo Bank, N.A.*,

23 2014 U.S. Dist. LEXIS 59427, *17 (C.D. Cal. Apr. 28, 2014); *Sun*, 2014 U.S. Dist. LEXIS 40430, at

24

25 _____

26 [3]  Although U.S. Bank is not a federally chartered institution, Downey Savings was a federally
   chartered institution under HOLA.  A successor entity may properly assert an HOLA preemption
27 even if the successor entity is not a federally-chartered savings bank. *Meyer v. Wells Fargo Bank,
   N.A.*, 2013 U.S. Dist. LEXIS 172418, at *9 (N.D. Cal. Dec. 6, 2013); *Sun v. Wells Fargo Bank,
28 N.A.*, 2014 U.S. Dist. LEXIS 40430, *6 (N.D. Cal. Mar. 25, 2014).

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

*9; *Williams v. Wells Fargo Bank, NA*, 2014 U.S. Dist. LEXIS 17215, *33-*34 (C.D. Cal. Jan. 27, 2014).   Specifically, these courts have found that section 2923.6 improperly regulates that way in which lenders evaluate loan modification applications.  *Williams*, 2014 U.S. Dist. LEXIS 17215, at *34.  Accordingly, this Court should dismiss the Second Cause of Action against U.S. Bank with prejudice.

> **2.      Plaintiff Fails To Plead A Valid Claim Under California Civil Code Section 2923.6**

Plaintiff fails to sufficiently plead a claim under California Civil Code section 2923.6. This statute "appl[ies] only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units." Cal. Civ. Code § 2924.15.  Moreover, it only applies when a borrower submits a complete application to the borrower's mortgage servicer, trustee, beneficiary, or authorized agent for a first lien loan modification.  Cal. Civ. Code § 2923.6(c).  In the Complaint, Plaintiff does not allege that the Deed of the Trust constitutes a "first lien" on the Property.  Further, Plaintiff does not allege, and cannot establish, that Fannie Mae was a mortgage servicer, trustee, beneficiary, or authorized agent.  Accordingly, Plaintiff cannot establish a claim under section 2923.6.

Moreover, although Plaintiff concludes that he submitted a "completed loan modification application," he fails to plead any facts to support such a conclusion.  An application is deemed "complete" when a borrower has submitted to the mortgage servicer "all documents required by [it]" within "reasonable timeframes" specified by the mortgage servicer.  Cal. Civ. Code § 2923.6(h).  Plaintiff does not allege that he submitted all of the documents required by U.S. Bank.  To the contrary, Plaintiff admits that U.S. Bank requested proof that two federal tax liens recorded on the Property were extinguished.  (Complaint, ¶¶ 17, 18.)

Finally, the Complaint clearly establishes that U.S. Bank complied with California Civil Code section 2923.6, or, alternatively, fails to sufficiently establish that Defendants violated California Civil Code section 2923.6.  This statue provides that a borrower must have "at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

1   mortgage servicer's determination was in error."  Cal. Civ. Code § 2923.6(d).  It further provides

2   that a beneficiary may not record a notice of default until the later of at least 31 days after the

3   borrower is notified in writing of the denial or 15 days after denial of an appeal.  Cal. Civ. Code

4   § 2923.6(e)(1), (e)(2).  In the Complaint, Plaintiff admits that he received the Denial Letter on

5   November 29, 2013.  (Complaint, ¶ 19.)  U.S. Bank did not record its Notice of Default until

6   January 23, 2014 – 55 days after the date of the Denial Letter.  (Complaint, ¶ 23.)

7          To avoid U.S. Bank's obvious compliance with California Civil Code section 2923.6,

8   Plaintiff claims that the Denial Letter failed to include a statement regarding Plaintiff's right to

9   appeal as required by section 2923.6(f)(1), or that Plaintiff's facsimile of the Release of Liens

10  constituted an appeal.  Plaintiff does not bother to attach the Denial Letter or the facsimile of the

11  Release of Liens so that either this Court or Defendants can assesses the adequacy of Plaintiff's

12  claim.  By failing to do so, Plaintiff fails to comply with Rule 8 of the Federal Rules of Civil

13  Procedure.  To satisfy Rule 8, an "entitlement to relief" requires "more than labels and

14  conclusions . . . . Factual allegations must be enough to raise a right to relief above a speculative

15  level." *Twombly,* 550 U.S. at 555.  "[T]o be entitled to the presumption of truth, allegations in a

16  complaint or counterclaim may not simply recite the elements of a cause of action, but must

17  contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

18  party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Plaintiff's

19  bare conclusory allegations in the Complaint fail to satisfy the minimum threshold.

20          **3.      Plaintiff Cannot Recover Damages Against Defendants**

21          Although California Civil Code section 2924.12 expressly provides that borrowers may

22  bring an action based on a violation of section 2923.6, section 2924.12 limits the remedies for

23  such a violation.  For example, if no trustee's deed upon sale has been recorded, such as in this

24  case, a plaintiff may not recover actual damages or attorneys' fees until such time as the deed

25  upon sale has been recorded.  *Vasquez v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 161244, *21

26  (N.D. Cal. Nov. 9, 2013); Cal. Civ. Code § 2923.12(b).  Here, Plaintiff seeks attorneys' fees and

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

damages as a result of an alleged violation of California Civil Code section 2923.6.  (Complaint, ¶ 37, p. 16:1.)  To that extent, the Second Cause of Action fails.

### D.   The Third Cause of Action for Violation of California Civil Code Section 2923.7 Fails

In the Third Cause of Action, Plaintiff alleges that U.S. Bank violated California Civil Code section 2923.7.  (Complaint, ¶¶ 38-42.)  He does not allege that U.S. Bank failed to provide him with a single point of contact, but rather contends that his single point of contact – Quincy Simms – failed to properly perform his duties.  (Complaint, ¶¶ 40, 41.)  This contention cannot withstand scrutiny.

Plaintiff's claim under section 2923.7 is preempted by HOLA and/or the NBA.  As stated above, HOLA and NBA preempt state laws purporting to impose requirements regarding processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.  12 C.F.R. §§ 34.4, 560.2(b)(4) and (10).  The regulation of the manner in which U.S. Bank communicates with its borrowers through its single point of contact concerns the processing and servicing of mortgages and is therefore preempted by HOLA and NBA.  See *Deschaine v. IndyMac Mortg. Servs.*, 2014 U.S. Dist. LEXIS 8541, *26 (E.D. Cal. Jan. 22, 2014); *Sun*, 2014 U.S. Dist. LEXIS at *9; *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364, at *5 (N.D. Cal. Sept. 13, 2013); *Meyer*, 2013 U.S. Dist. LEXIS at *11.  Further, even if the appointment of a single point of contact does not fall within one of the enumerated provisions of HOLA or NBA, section 2923.7 is nevertheless preempted because it "affect[s] lending" and the process for modifying loans.  *Deschaine*, 2014 U.S. Dist. LEXIS at 26-*27, citing Final Rule, 61 Fed. Reg. at 50966-67 and *Parcray v. Shea Mortg., Inc.*,  2010 U.S. Dist. LEXIS 40377, 2010 WL 1659369, at *8 (E.D. Cal. Apr. 23, 2010) (holding that claims alleging that a lender "failed to communicate" with a borrower during the loan modification process are preempted insofar as they impose duties on lenders that they "would not be subject to . . . in other states").

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

Even if this Court somehow finds that Plaintiff's section 2923.7 claim is not preempted, this Court should nevertheless dismiss this claim because Plaintiff fails to plead that the Deed of Trust constitutes a "first lien" on the Property, which is a prerequisite to bringing a claim under section 2923.7. California Civil Code section 2924.15 expressly provides that section 2923.7 "shall only apply to first lien mortgages or deeds of trust." Cal. Civ. Code § 2924.15(a). As a result, this Court should dismiss the Third Cause of Action.

### E.   The Fourth Cause of Action for Violation of California Civil Code Section 2924.17 Fails

In the Fourth Cause of Action, Plaintiff alleges that U.S. Bank violated California Civil Code section 2924.17. This statute requires that any notice of default filed and recorded by a mortgage servicer must be accurate, complete, and supported by competent and reliable evidence. Cal. Civ. Code § 2924.17(a). This statute further provides that a servicer must ensure that it has reviewed competent and reliable evidence, including the borrower's loan status and loan information, before filing and recording a notice of default. Cal. Civ. Code § 2924.17(b).

District courts have held that any claim under section 2924.17 is preempted by HOLA and/or NBA because it imposes requirements on the processing and servicing of mortgages. *Metzger*, 2014 U.S. Dist. LEXIS 59427, at *19-*20; *Kenery v. Wells Fargo, N.A.*, 2014 U.S. Dist. LEXIS 4672, *4 (N.D. Cal. Jan. 14, 2014).

Even if this claim is not preempted, it still fails. Plaintiff claims that U.S. Bank violated California Civil Code section 2924.17 because the Notice of Default purportedly stated that "Plaintiff had failed to make any payments on the loan since August 1, 2012." (Complaint, ¶ 46.) However, like the TPP, Plaintiff misconstrues the Notice of Default. The Notice of Default does not state that Plaintiff failed to make payments since August 1, 2012, but rather merely states Plaintiff is $29,707.92 in arrears, as of January 21, 2014. (Alderete Decl., Ex. B.) As a result, this court should dismiss the Fourth Cause of Action.

**F.     The Fifth and Sixth Causes of Action for Fraud and Negligent Misrepresentation Fail**

In the Fifth and Sixth Causes of Action, Plaintiff asserts fraud and negligent misrepresentation claims, respectively, on the grounds that U.S. Bank falsely represented that it would extend the time to obtain the Release of Liens.  (Complaint, ¶¶ 48-68.)  This assertion fails.

"A person may not ordinarily recover in tort for breaches of duties that merely restate contractual obligations." *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000). "Conduct amounting to a breach of contract becomes tortious only when it violates an independent duty arising from principles of tort law."  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994); see also *United Guar. Mortg. Indem. Co v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009) (noting that California law "generally bars tort claims for contract breaches").  For instance, in the wrongful foreclosure context, a lender's failure to modify a loan or to forego a trustee's sale despite representations that it would do so are contractually based claims, not claims based on fraud or negligent misrepresentation.  See *Sholiay v. Fannie Mae*, 2013 U.S. Dist. LEXIS 146446, 19-20 (E.D. Cal. Oct. 9, 2013) (failure to modify loan or to forgo foreclosure "amount[] to nothing more than a failure to perform a promise contained  in a contract" and do not constitute a fraud claim); see also *Morgan v. Aurora Loan Svcs., LLC*, 2013 U.S. Dist. LEXIS 95713, at *6 n.6 (C.D. Cal. Jul. 9, 2013) ("What plaintiff is alleging is that defendants failed to review whether she would qualify for a permanent loan modification . . . despite representing to plaintiff that [they] would do so. Her claim is subsumed within the terms of the parties' agreement").

Here, Plaintiff's intentional and negligent misrepresentation causes of action are entirely based on an alleged failure to perform an action in the ***future***, not a statement of past or existing material fact.  The alleged misrepresentation repeated in both causes of action is that U.S. Bank represented on November 15, 2013 that it would extend the deadline to submit documents from November 23, 2013 to December 14, 2013.  (Complaint, ¶¶ 51, 62.)  The mere failure to carry out a promise is not a tort, and it is therefore essential, in pleading fraud consisting of a false

-12-

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES

promise, to allege the elements of fraud or negligent misrepresentation.  See *Maynes v. Angeles Mesa Land Co.*, 10 Cal. 2d 587, 589 (1938).  Accordingly, the Fifth and Sixth Causes of Action fail.

## IV.   CONCLUSION

For the foregoing reasons, U.S. Bank respectfully requests that the Court enter an order dismissing the entire Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and granting other relief as is just and equitable.

Dated:  June 4, 2014                    NOSSAMAN LLP

By:  _____*/s/ Robert S. McWhorter*_____
                    Robert S. McWhorter

Attorney of Record for Defendants,

U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A. and FEDERAL NATIONAL MORTGAGE ASSOCIATION

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMO. OF POINTS AND AUTHORITIES